IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TAMITHA L. BROWN, | § § § | |
| Plaintiff, | § § | No. 4:19cv3097 |
| VS. | § § | Jury Trial Demanded |
| AMAZON.COM SERVICES, INC., | § § | |
| Defendant, | § | |

## COMPLAINT

Plaintiff Tamitha Brown files this Complaint against Defendant Amazon.com Services, Inc.

### Parties

1. Plaintiff Tamitha L. Brown is an individual residing in Texas.

2. Defendant Amazon.com Services, Inc. is a Delaware corporation with its principal place of business in Seattle, Washington. Amazon.com Services, Inc. may be served with process through its registered agent, Corporation Service Company dba Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620. Austin, Texas 78701-3218.

### Jurisdiction and Venue

3. This Court has federal question jurisdiction because the case arises under the Age Discrimination in Employment Act. In addition, there is complete diversity of citizenship.

4. Venue is proper because the events in question occurred in this District.

### Claim for Relief

5. Ms. Brown worked as a trainer for Amazon.com kydc, LLC. Amazon.com kydc, LLC was an "employer" as that term is defined in the ADEA, 29 U.S.C. § 630(b), and in Tex.

1

Labor Code § 21.002(8).  Ms. Brown was an "employee" as that term is defined in the ADEA, 29 U.S.C. § 630(f), and in Tex. Labor Code § 21.002(7).

6. Amazon.com kydc, LLC merged into Amazon.com Services, Inc. effective on January 1, 2019.  For simplicity, this Complaint refers to the Defendant as "Amazon."

7. Ms. Brown originally worked for Amazon in Illinois as a contract employee.  She became a permanent employer in March 2016, with the title Tier I.  In August 2016, she was promoted to Tier III.  In July 2017, Ms. Brown transferred to Texas and worked at the location off of Ella Boulevard in Houston.  She worked in the learning department, which was responsible for training.  At that time, she was 51.

8. Ms. Brown's original supervisor in Texas was named Brett.  He was in his 50s.  Everything was fine when Brett was in charge.  However, Brett left and was replaced by Qianna Hardy in October 2017.  Ms. Hardy is younger than Ms. Brown, probably in her early to mid-30s.  Ms. Hardy had a notorious bias against older workers.  Over the course of the next year, she abused and systematically ran off multiple older workers.  She replaced them with younger workers.  Ms. Hardy constantly belittled Ms. Brown, making age related comments like "You need to get with the times."  Around September 2018, Ms. Hardy told another employee that when she got rid of Ms. Brown, Amazon would be able to move on to the new millennium.

9. On October 27, 2018, Ms. Brown apparently crossed a security line at the Amazon facility on two occasions, which is a violation of policy.  Ms. Brown was not aware of the first violation, but she may have crossed the line.  On the second occasion, a security guard gave her permission to cross the line.  The Loss Prevention Specialist (who is responsible for the security lines) reviewed the videos and recommended that she be given a written warning.  Ms. Brown would have accepted that outcome.

10. However, Ms. Hardy saw the opportunity to fire Ms. Brown, and she took it. She told another employee that she did it because the policy allowed it. Ms. Brown was replaced by a younger employee named Carlos, who is around 25 years old.

11. In Ms. Brown's subsequent appeal within Amazon, multiple employees supported her version of the facts and described the abusive behavior by Ms. Hardy. Amazon ultimately restored some of Ms. Brown's benefits and made her eligible for rehire, but Amazon would not restore her job.

12. Ms. Brown filed a charge of discrimination with the EEOC on or about January 28, 2019. The EEOC issued a right to sue letter on August 5, 2019.

13. All conditions precedent have occurred or been satisfied.

14. Amazon violated the ADEA and Chapter 21 by terminating Ms. Brown because of her age. Amazon is therefore liable to Ms. Brown for back pay, loss of benefits, liquidated damages or in the alternative compensatory and punitive damages, reinstatement or in the alternative front pay, attorneys' fees, pre- and post-judgment interest as provided by law, and all costs of court.

For the foregoing reasons, Amazon should be cited to appear and answer and, upon final hearing, the Court should enter judgment in favor of Ms. Brown and against Amazon for back pay, loss of benefits, liquidated damages or in the alternative compensatory and punitive damages, reinstatement or in the alternative front pay, attorneys' fees, pre- and post-judgment interest as provided by law, all costs of court, and any other relief to which she may be entitled.

Respectfully submitted,

/s/ David C. Holmes
David C. Holmes, Attorney in Charge
State Bar No. 09907150
Southern District No. 5494
13201 Northwest Freeway, Suite 800
Houston, Texas 77040
Telephone: 713-586-8862
Fax: 713-586-8863

ATTORNEY FOR PLAINTIFF